United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COREMETRICS, INC., a Delaware corporation,

        Plaintiff,

    v.

ATOMIC PARK.COM, LLC, a/k/a ATOMICPARK.COM, and DOES 1 though 20, inclusive,

        Defendants.
_____/

No. C-04-0222 EMC

**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**(Docket No. 81)**

    Currently pending before the Court is Plaintiff Coremetrics, Inc.'s motion to enforce the settlement agreement entered into by the parties on January 24, 2006. After Defendant AtomicPark.com, LLC failed to file an opposition, the Court vacated the hearing on the motion. Having reviewed the papers submitted as well as all other evidence of record, the Court hereby **GRANTS** Coremetrics's motion to enforce.

## I. DISCUSSION

    As part of the written and signed settlement agreement, the parties stipulated that the settlement agreement could be enforced by entry of judgment pursuant to California Code of Civil Procedure § 664.6.[1] *See* Klingsporn Decl., Ex. A at 3 (settlement agreement); *see also id.*, Ex. B at 2

---

[1] That statutes provides as follows: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until

1  (stipulation and order of conditional dismissal) ("The parties have agreed in their written Settlement
2  Agreement to the continuing jurisdiction of this Court for enforcement of its terms."). By expressly
3  providing for this Court's continuing jurisdiction in the settlement agreement, the Court has
4  jurisdiction over Coremetrics's motion to enforce the settlement agreement. *See Kokkonen v.*
5  *Gurdian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994) (stating that a court has ancillary
6  jurisdiction to enforce a settlement agreement when the parties agree to continuing or retention
7  jurisdiction).

8  Under the terms of the agreement, AtomicPark agreed to pay to Coremetrics a total of
9  $60,000. *See id.*, Ex. A at 1 (settlement agreement). More specifically, AtomicPark agreed to make
10 an initial payment of $10,000 on or before February 21, 2006; thereafter, starting March 15, 2006,
11 AtomicPark would make twenty-four monthly installments for the remaining $50,000. *See id.* The
12 first twenty-three installments were to be in the amount of $2,100. *See id.* at 2. The final
13 installment was to be in the amount of $1,700. *See id.*

14 Coremetrics has submitted competent evidence that AtomicPark failed to make the monthly
15 installments due on December 15, 2006, and January 15, 2007. *See id.*, Ex. C (letter, dated 1/30/07,
16 from G. Klingsporn to A. Boldin); Weissman Decl., Ex. D (letter, dated 1/18/07, from S. Weissman
17 to A. Boldin); *id.*, Ex. E (stop payment order on check). Coremetrics notified AtomicPark that it
18 was in default under the terms of the settlement agreement. *See* Klingsporn Decl., Ex. C (letter);
19 Weissman Decl., Ex. D (letter). Coremetrics states, without dispute by AtomicPark, that
20 AtomicPark never cured the default. Therefore, under the terms of the settlement agreement, and
21 based on the evidence before the Court, AtomicPark is entitled to a judgment for the remaining
22 amount due, *i.e.*, $31,100,[2] plus reasonable attorney's fees and costs incurred in enforcing the
23 agreement. *See* Klingsporn Decl.., Ex. A at 2 (settlement agreement); *see also id.* at 3 (providing
24 that, "[i]n the event of any future legal proceedings arising out of or related to this Agreement, the

---

performance in full of the terms of the settlement." Cal. Code Civ. Proc. § 664.6.

[2] AtomicPark apparently made the $10,000 payment and then made monthly payments from March to November 2006 (*i.e.*, nine monthly payments). *See* Weissman Decl. ¶ 2. The total paid by AtomicPark was therefore $28,900 (*i.e.*, $10,000 + (9 x $2,100) = $28,900). This leaves $31,100 still owing.

prevailing party in such proceedings shall be entitled to recover a reasonable sum as attorneys' fees"). Counsel for Coremetrics has submitted a declaration in which he states that he spent 3.1 hours at a rate of $300 to enforce the settlement agreement, for a total of $930. *See* Klingsporn Decl. ¶ 5. This is a reasonable fee given the work involved.

Accordingly, the Court hereby **GRANTS** Coremetrics's motion to enforce the settlement agreement and orders that judgment be entered against AtomicPark in the amount of $32,030. The Clerk of the Court is directed to close the file in this case.

IT IS SO ORDERED.

Dated: April 3, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge